JUAN B. GARCÍA MÉNDEZ, Petitioner, *v.* DISTRICT COURT OF AGUADILLA, Respondent.

No. 1087.   Argued November 16, 1936.—Decided December 8, 1936.

*Juan B. García Méndez* for himself.   *J. Sabater* for the plaintiffs in the principal suit.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Eduardo Méndez filed an injunction proceeding against the municipality of Aguadilla and Juan Bautista García Mén-

dez. The Hon. Enrique S. Mestre, judge of the court in which the suit was filed, disqualified himself from hearing the cause, stating that since he had taken possession of his office he had been accustomed to disqualify himself from hearing cases in which Eduardo Méndez Quiñones had been a party, and that unless there were cogent reasons for it, he ought not to depart from his prior rulings. After the judge disqualified himself, the parties were summoned in accordance with the provisions of Section 84 of the Code of Civil Procedure, for the transfer of the cause to the proper court. In discussing the transfer, the defendant Juan B. García Méndez stated that the reasons given in the order of the court for disqualification found no support in the law or the authorities. Following these statements, the following order was entered:

"There having been no agreement or stipulation between the parties for the selection of the court to which this cause should be transferred by reason of the disqualification of the judge *sua sponte,* the court designates the District Court of Mayagüez as being the nearest to this tribunal."

The defendants asked for reconsideration of the aforesaid order, that the transfer of the cause to the district court of Mayagüez and the disqualification of the Hon. Judge Mestre be vacated. Reconsideration of the order was denied, and the defendant Juan B. García Méndez then came to this Court asking for a review of the orders of disqualification and removal, upon the ground that they were null and without legal effect.

The reasons which the judge of the court below had for disqualifying himself from hearing the suit begun by Eduardo Méndez do not appear in the record. The judge confined himself to saying that he had disqualified himself in prior cases and that he ought not to depart from established precedents. The fact that the judge might have disqualified himself in prior suits is not a legal ground for disqualifying himself in a subsequent suit. This court is unaware of the legal reasons which Judge Mestre had for disqualifying

himself in the proceedings to which Eduardo Méndez has been a party. We are in no position to admit or deny the existence of such grounds, since they do not appear from the record. Since, however, the sufficiency of such grounds has been questioned and the reconsideration or the order asked by the petitioner Juan B. García Méndez has been refused, we believe that the judge ought to have caused the reasons which he had for entering such an order to appear in the record, and ought not to have limited himself to saying that he disqualified himself now because he had been accustomed to disqualify himself in prior suits.

When a judge disqualifies himself from hearing a cause, without objection from any of the parties, and the cause is transferred in accordance with Section 84 of the Code of Civil Procedure, it must be presumed that his decision was correct and that he was legally disqualified to act. When there is objection, however, and the fact as to whether the judge is legally disqualified is discussed, then the record ought to show the reasons which the judge had for disqualifying himself.

In the case of *Bates* v. *Casey,* 61 Tex. 593, the court expressed itself as follows:

"This cause was transferred from the county to the district court, because the county judge was disqualified to hear and determine it. The grounds of his disqualification are not stated, nor do we think it necessary that they should be, when he recuses himself, unless they are questioned before the cause reaches this court. If a party wishes to dispute the fact that the county judge is disqualified, he can by calling it in question, either in the district or county court, have the grounds of the supposed disqualification set forth and established. Any improper ruling upon the subject could then be revised upon appeal to this court, by bringing it to our attention as in case of other errors.

"But where no such question is made below, and the record shows, as in this case, that the judge transferred the cause because of his disqualification, the conclusive presumption will be in favor of his ruling, and of the jurisdiction of the district court."

674

■ While it is true that the instant case does not involve an appeal, but a petition for a writ of *certiorari*, nevertheless, in our opinion, the ends of justice would be better served by opportune interference through this special proceeding rather than by awaiting to correct on appeal the errors which may have been committed, since if it should be ultimately decided that the judge was not legally disqualified, the case would have to be re-tried before him, which would constitute an undue delay in the administration of justice.

We are of the opinion that the order of disqualification and the order of transfer entered on August 13 and August 31, 1936, respectively, should be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case.